IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br><br>AKORN HOLDING COMPANY LLC, *et al.* [1]<br>Debtors**.**<br><br>-------------------------------------------------------<br><br>LISHA ABRAHAM, SUSAN BERRY and<br>BENJAMIN SUMMERS on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br> v.<br><br>AKORN OPERATING COMPANY LLC,<br>AKORN INTERMEDIATE<br>COMPANY LLC and AKORN HOLDING<br>COMPANY LLC<br><br>Defendants. | **Chapter 7**<br>**Case No. 23-10253 (KBO)**<br>**(Jointly Administered)**<br><br>**Adversary Proceeding No.: 23-50117-KBO**<br><br><br>**FIRST AMENDED CLASS ACTION**<br>**ADVERSARY PROCEEDING COMPLAINT** |

**FIRST AMENDED CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

Plaintiffs Lisha Abraham, Susan Berry and Benjamin Summers ("Plaintiffs") by and through

undersigned counsel, on behalf of themselves and all other similarly situated persons, as and for their

complaint against Defendants, allege as follows:

**JURISDICTION AND VENUE**

---

1 The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255. The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2.      This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3.      This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act") and for the New York based employees, the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law z("NYLL") § 860 et seq. (collectively, the "WARN Acts"). Although the Plaintiffs and the Other Similarly Situated Employees were nominally employed by Defendant, Akorn Operating Company LLC ("AOC"), pursuant to the WARN Act's single employer rule, Akorn Intermediate Company LLC ("AIC") and Akorn Holding Company LLC ("AHC") were also the Plaintiffs' and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about February 23, 2023. The Defendants violated the WARN Act by failing to give the Plaintiffs and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Acts. As such, the Defendants violated the WARN Acts by failing to give the Plaintiffs and other similarly situated employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act and did not provide 90 days advance written notice to the New York based employees as required by the NY WARN Act. As a consequence, the Plaintiffs and other similarly situated employees of the Defendants are entitled

under the WARN Acts to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## PARTIES

4.      Upon information and belief, at all relevant times, Defendants were Delaware corporations which maintained facilities in Gurnee, IL/Company Headquarters (the "Gurnee Facility"); 1222 West Grand Ave., Decatur, IL (the "Grand Facility"); 150 S. Wyckles Rd., Decatur, IL (the "Wyckles Facility"); Vernon Hills, IL (the "Vernon Hills Facility"); and Amityville, NY (the "Amityville Facility" and collectively with the other facilities "the Facilities").

5.      Upon information and belief, at all relevant times, Defendants, as a single employer jointly maintained, owned, and operated the Facilities.

6.      Upon information and belief, at all relevant times, Plaintiff Lisha Abraham ("Abraham") was an employee who was employed by Defendants as a single employer and worked at or reported to the Amityville Facility until her termination without cause on or February 23, 2023.

7.      On or about February 23, 2023, and thereafter, Defendants as a single employer, ordered the termination of Abraham's employment together with the termination of approximately 300 other employees who worked at or reported to the Amityville Facility as part of a plant closing as defined by the WARN Acts, for which they were entitled to receive 60 days advance written notice under the WARN Act and 90 days advance written notice under the NY WARN Act .

8.      Upon information and belief, at all relevant times, Plaintiff Susan Berry ("Berry") was an employee who was employed by Defendants as a single employer and worked at or reported to the Vernon Hills Facility until her termination without cause on or February 23, 2023.

9.      On or about February 23, 2023, and thereafter, Defendants as a single employer ordered the termination of Berry's employment together with the termination of approximately 80 other employees who worked at or reported to the Vernon Hills Facility as part of a plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

10.     Upon information and belief, at all relevant times, Plaintiff Benjamin Summers ("Summers") was an employee who was employed by Defendants as a single employer and worked at or reported to the Grand Facility until his termination without cause on or February 23, 2023.

11.     On or about February 23, 2023, and thereafter, Defendants as a single employer ordered the termination of Summers' employment together with the termination of approximately 400 other employees who worked at or reported to the Grand Facility as part of a plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

12.     At or about the time Plaintiffs were terminated, Defendants as a single employer ordered the termination of other similarly situated employees who worked at or reported to the Facilities (the "Other Similarly Situated Employees")

13.     On or about February 23, 2023, Defendants filed with this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

## SINGLE EMPLOYER ALLEGATIONS

14.     Upon information and belief, Defendants constituted a "single employer" of the Plaintiffs and the other Class members in that among other things:

### *Common Ownership*

a.       AHC owns 100% of the equity interests in AIC.

b.       AIC owns 100% of the equity interests in AOC.

### *Common Directors and Officers*

c.       Upon information and belief, AOC and AIC did not have its own board of directors.

d.       Instead, all decisions were made by the board of directors of AHC on behalf of AOC and AIC.

### *Dependency of Operations*

e.       Upon information and belief, at all relevant times, AOC and AIC were completely dependent on AHC for its daily operating funds which was provided either directly by AHC or through financing arranged by AHC.

### *Unity of Personnel Policies*

f.       Upon information and belief, at all relevant times, all of the Defendants maintained common personnel policies which were put into place by AHC including payment of wages, as well as a common health care plan all of which was carried out by AHC.

g.       Upon information and belief, at all relevant times, management-level personnel decisions at the subsidiaries were made by AHC.

h.       Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by AHC on behalf of the Defendants.

### *De Facto Control*

i.    Upon information and belief, at all relevant times, AHC maintained sole control over all critical business decisions made on behalf of the Defendants including decisions relating to Plaintiffs' and the Class's employment and specifically, the decision to shut down the Facilities without providing WARN notice.

j.    Upon information and belief, the decision to shut down the Facilities without providing proper WARN notice was made by AHC on behalf of the Defendants, as a single employer.

k.    Specifically, the omnibus resolutions filed in conjunction with the commencement of the bankruptcy filing (Doc. 1 p. 10), states that the board of AHC, acting on behalf of AOC and AIC has "determined that it is in the best interests of the Companies and the Companies' stakeholders, creditors, and other interested parties to terminate all employees of the Companies and commence a case under the provisions of chapter 7 of the Bankruptcy Code."

## FEDERAL WARN CLASS ACTION ALLEGATIONS

15.    The Plaintiffs and each person they seek to represent herein, were discharged on or about February 23, 2023 and thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

16.    The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about February 23, 2023 and thereafter, who worked at or reported to the Facilities until their terminations.

17.    On or about February 23, 2023 and thereafter, Defendants as a single employer, terminated the Plaintiffs' employment as part of plant closures which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

18.    Defendants never gave Plaintiffs the statutorily required sixty (60) days advance written notice of the plant closure in violation of the WARN Act.

19.    At or about the time that the Plaintiffs were discharged on or about February 23, 2023 and thereafter, Defendants discharged approximately 900 other employees who worked at or reported to the Facilities (the "Other Similarly Situated Former Employees").

20.    Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Class and for his or her benefit.

21.    Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

22.    The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, as a single employer, without cause on their part.

16.    The Plaintiffs and each of the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

17.    Defendants were required by the WARN Act to give the Plaintiffs and Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

18.    Prior to their termination, neither the Plaintiffs nor Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

19.     Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**FEDERAL WARN CLASS ACTION ALLEGATIONS RULE 7023 (a) and (b)**

20.     The Plaintiffs asserts their claims on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

21.     The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (the "Class").

22.     Common questions of law and fact are applicable to all members of the Class.

23.     The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class Members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at or reported to the Facilities ; Defendants as a single employer, terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class Members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

24.     The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

25.     The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above.

26.     The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

27.     The Plaintiffs have the time and resources to prosecute this action and has retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

28.     The Class is so numerous as to render joinder of all members impracticable as there are approximately 900 persons who are included in the Class.

29.     The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

30.     The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

32.     No litigation concerning the WARN Act rights of any Class member has been commenced in this Court.

33.    Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

34.    On information and belief, the identities of the Class members are contained in the books and records of Defendants.

35.    On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

36.    On information and belief, the rate of pay and benefits that were being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

37.    As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

## NEW YORK WARN ACT CLASS ALLEGATIONS

38.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

39.     Plaintiff Abraham brings this Claim for Relief for violation of NYLL §
860 et seq., on behalf of herself and a class of similarly situated persons, pursuant to NYLL §
860-G (7).

40.     Plaintiff Abraham brings this as a class action on behalf of herself and a
putative class consisting of persons who worked at or reported to Defendants' Amityville
Facility and were terminated without cause on or about February 23, 2023 and within 30 days of
that date, or were terminated without cause as the reasonably foreseeable consequence of the
mass layoff and/or plant closing ordered by Defendants as a single employer, on or about
February 23, 2023 and who are affected employees, within the meaning of NYLL § 860-A
(1),(4) and(6) (the "NY WARN Class").

41.     The persons in the NY WARN Class identified above ("NY WARN Class
Members") are so numerous that joinder of all members is impracticable. Although the precise
number of such persons is unknown, the facts on which the calculation of that number can be
based are presently within the sole control of Defendants.

42.     On information and belief, the identity of the class members, including
each member's most recent residence address, is contained in the Defendants' books and records.

43.     On information and belief, the rate of pay and benefits that were being
paid by Defendants to each NY WARN Class Member at the time of his or her termination is
contained in the Defendants' books and records.

44.     Common questions of law and fact exist as to members of the NY WARN
Class, including, but not limited to, the following:

(a) whether the members of the NY WARN Class were employees of Defendants as a single employer, who worked at or reported to a covered site of employment;

(b) whether Defendants as a single employer, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

(c) whether Defendants unlawfully failed to pay the NY WARN Class members 60 days' wages and benefits as required by the WARN Act.

45.     Plaintiff Abraham's claims are typical of those of the NY WARN Class. Abraham, like other NY WARN Class members, worked at or reported to the Amityville Facility and was terminated on or about February 23, 2023 as part of the plant closings ordered by Defendants as a single employer.

46.     Plaintiff Abraham will fairly and adequately protect the interests of the NY WARN Class. Plaintiff Abraham has retained counsel competent and experienced in complex class actions on behalf of employees, including the federal WARN Act, the NY WARN Act, other state laws similar to WARN, and employment litigation.

47.     Class certification of these claims is appropriate because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN class action litigation, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

48. Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

49. Prosecuting and defending multiple actions would be impracticable.

50. Managing a class action will not result in undue difficulties for the parties and the Court.

51. Plaintiff Abraham intends to send notice to all members of the NY WARN Class to the extent required by Fed. Rule Civ.P. 23.

## THE CLAIM FOR RELIEF

### First Cause of Action: Federal WARN Act

52. At all relevant times, the Defendants employed 100 or more employees (exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 60 day period prior to the date notice was required to be given (the "Part-Time Employees")), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

53.     At all relevant times, each of the Defendants was an "employer," as that term is defined in the WARN Act and continued to operate as a business until it determined to order plant closures at the Facilities.

54.     On or about February 23, 2023 and thereafter the Defendants as a single employer, ordered "plant closures" at the Facilities, as those terms are defined by the WARN Act.

55.     The plant closures at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendants' workforce who worked at or reported to each Facility, excluding "part-time employees," as that term is defined by the WARN Act.

56.     The Plaintiffs and each of the other members of the Class were discharged by the Defendants as a single employer, without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoffs and/or plant closures ordered by the Defendants at the Facilities

57.     The Plaintiffs and each of the other members of the Class are "affected employees" of the Defendants within the meaning of the WARN Act.

58.     The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

59.     The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

60.     The Plaintiffs and each of the other members of the Class are "aggrieved employees" of the Defendants as that term is defined in the WARN Act.

61.     The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

## Second Cause of Action: Violation of the New York WARN Act

62.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63.     At all relevant times, Defendants collectively were individual or public business entities defined as an "employer" under the NY WARN Act and continued to operate as a business until it decided to order plant closings at the Amityville Facility as defined by NYLL § 860-A(3),(4).

64.     On or about February 23, 2023, Defendants ordered a plant closing at its Amityville Facility as defined by NYLL § 860-A(3),(4).

65.     Plaintiff Abraham and the NY WARN Class Members each suffered a termination of employment as defined by NYLL § 860-A(2)(C), having been terminated by Defendants without cause on their part.

66.     Defendants were required by the NY WARN Act to give Abraham and the NY WARN Class Members at least 90 days' advance written notice of their terminations pursuant to § 860-B.

67.     Defendants failed to give Abraham and the NY WARN Class Members written notice that complied with the requirements of the NY WARN Act.

68.     Defendants failed to pay Abraham and each of the NY WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

69.     The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A.     An allowed claim against the Defendants in favor of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(4);  and, to the extent not awarded under the Federal WARN Act claim,  an allowed claim against the Defendants in favor of Plaintiff Abraham and the NY WARN Class Members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the NY WARN Act, NYLL § 860-G(7). The first $15,150.00 of each Class member's allowed Federal WARN Act/NY WARN Act claim(s)

16

against the Defendants are/is entitled to wage priority claim status under 11 U.S.C. § 507(a)(4) and

(5), and any remainder as a general unsecured claim;

      B.     Certification that the Plaintiffs and the other Class members constitute a single

class under the Federal WARN Act, and the NY WARN Act, where applicable;

      C.     Appointment of the undersigned attorneys as Class Counsel;

      D.     Appointment of Plaintiffs as the Class Representatives;

      E.     An allowed claim against the Defendants for the reasonable attorneys' fees

and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by

the WARN Acts, 29 U.S.C. § 2104(a)(6); and NYLL § 860-G(7) ; and

      F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

April 11, 2023

*Attorneys for Plaintiffs*

BY: /s/   JAMES E. HUGGETT
MARGOLIS EDELSTEIN
JAMES E. HUGGETT (#3956)
300 DELAWARE AVENUE
SUITE 800
WILMINGTON, DE 19801
PHONE 302-888-1112
FAX 302-888-1119

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street
8th Floor

17

New York, NY 10007
O: (212) 581-5005
C: (917) 613-9983

THE GARDNER FIRM, PC
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
(251) 433-8100 (main)
(251) 415-4978 (direct)
(251) 433-8181 (fax)
*Attorneys for Plaintiffs*