IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:**<br><br>AKORN HOLDING COMPANY LLC, *et al.* [1]<br><br>Debtors**.**<br>------------------------------------------------<br><br>LISHA ABRAHAM, SUSAN BERRY and BENJAMIN SUMMERS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AKORN OPERATING COMPANY LLC, AKORN INTERMEDIATE COMPANY LLC and AKORN HOLDING COMPANY LLC<br><br>Defendants. | Chapter 7<br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>Related Doc. No. 975, 977, 978, 989<br><br><br><br><br><br><br>Adversary Proceeding No.: 23-50117-KBO<br><br>Related Doc. No. 26, 28, 29, 31 |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 7023 AND 9019 (I) PRELIMINARILY APPROVING THE SETTLEMENT, (II) CERTIFYING A CLASS OF WARN ACT CLAIMANTS FOR SETTLEMENT PURPOSES ONLY, (III) APPOINTING CLASS COUNSEL AND CLASS REPRESENTATIVES, (IV) APPROVING THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE CLASS CERTIFICATION AND SETTLEMENT, (V) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT, AND (VI) GRANTING RELATED RELIEF**

Upon the *Joint Motion of Chapter 7 Trustee and Proposed Class Representatives, Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to: (I) Approve the*

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

*Settlement Agreement Pursuant to Bankruptcy Rule 9019, (II) Preliminarily Approve the Settlement Agreement Pursuant to Bankruptcy Rule 7023, (III) Certify the WARN Class for Settlement Purposes, Including the Appointment of Class Counsel and the Class Representatives, (IV) Approve the Form and Manner of Notice to Class Members of the Settlement, (V) Schedule a Fairness Hearing to Consider Final Approval of the Settlement Agreement, (VI) Finally Approve the Settlement Agreement Following the Fairness Hearing, and (VII) Grant Related Relief* (the "Joint Motion"),[2] seeking entry of an Order: (1) approving the *Settlement, Release and Allowance of Claim Agreement* (the "Settlement Agreement")[3] pursuant to Bankruptcy Rule 9019; (2) preliminarily approving the Settlement Agreement pursuant to Bankruptcy Rule 7023; (3) certifying the WARN Class for settlement purposes only pursuant to Civil Rule 23(e), including the appointment of The Gardner Firm, P.C., Lankenau & Miller, LLP, and Margolis Edelstein as Class Counsel and Lisha Abraham, Susan Berry and Benjamin Summers as Class Representatives; (4) approving the form and manner of notice of the Settlement to the members of the Class (the "Class Notice"); (5) scheduling a fairness hearing to consider final approval of the Settlement Agreement (the "Fairness Hearing"); (6) finally approving the Settlement Agreement following the fairness hearing (the "Final Settlement Order"), submitted by the Trustee and the Plaintiffs; and the Bankruptcy Court having considered the Joint Motion and any opposition thereto; and the Bankruptcy Court having found that proper and sufficient notice of the Joint Motion has been given and that no further notice of the Joint Motion is required except as set forth herein; and that based on the range of possible outcomes and the cost, delay, and uncertainty associated with further

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings provided in the Joint Motion and/or the Settlement Agreement, as applicable.

[3] A copy of the Settlement Agreement is attached to the Joint Memorandum of Law as Exhibit A.

litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted and in the best interest of the Estates;

**IT IS HEREBY ORDERED THAT:**

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The Settlement and the Settlement Agreement are preliminarily approved, subject to final approval at the Fairness Hearing. The Trustee is authorized to enter into the Settlement Agreement and to take any actions necessary to carry out the terms thereof.

4. The Class is certified for settlement purposes only pursuant to Civil Rule 23(e), as applicable through Bankruptcy Rule 7023, and Consists of the Class Members as identified and described in paragraph 2 of the Settlement Agreement, <u>provided</u> <u>however</u>, that, consistent with the Settlement Agreement, the Class shall not include individuals (whether presently listed on Schedule 1 to the Settlement Agreement or otherwise): (i) who are found by the Trustee to have previously released any WARN Act claims which they may otherwise have been entitled to assert in the WARN Action ("<u>Previous Releasors</u>"); (ii) who become Opt-Outs; and/or (iii) whose claims the Trustee identifies as being subject to disallowance pursuant to section 502(d) of the Bankruptcy Code unless and until such individual has paid the amount or turned over such property for which such individual is liable under section 502(d) of the Bankruptcy Code ("<u>Section 502(d) Parties</u>").

5. The Plaintiffs are appointed as Class Representatives.

6. The Gardner Firm, P.C., Lankenau & Miller, LLP, and Margolis Edelstein are appointed Class Counsel pursuant to Civil Rule 23(c)(1)(B).

7. The Class Notice, substantially in the form annexed to the Settlement Agreement, is hereby approved.

8. Notice to the Class Members identified in Schedule 1 attached to the Settlement Agreement by first class mail, postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all potential Class Members in full compliance with the notice requirements of Civil Rule 23 and such mailing shall be made by Class Counsel within five (5) business days following entry of this Order.

9. Within five (5) business days of mailing the Class Notice, Class Counsel shall file and serve a statement under oath constituting proof of mailing.

10. Any Class Member who intends to opt-out or object to the Settlement must timely serve the completed opt-out form or objection to the Settlement so that it is received by the required recipients identified in the Class Notice no later than thirty-five (35) days after the mailing of the Class Notice (the "<u>Objection and Opt-Out Deadline</u>").

11. Within five (5) days after the Objection and Opt-Out Deadline, Class Counsel shall file and serve a statement under oath listing the names of any Class Members who objected to the proposed settlement or exercised their right to opt-out of the Class.

12. The final Fairness Hearing regarding the Settlement Agreement shall be held on <u>January 17,</u>, **2025 at** <u>10:00 a</u>**.m. prevailing Eastern Time**. The final Fairness Hearing may be continued from time to time by the Bankruptcy Court without further notice other than the announcement of the adjourned date(s) at the final Fairness Hearing or any continued hearing.

13. The Bankruptcy Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

**Dated: November 19th, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**