## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.,* [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered)<br><br>**Related Doc. No.** 975, 976, 978, 993 |
| LISHA ABRAHAM, SUSAN BERRY AND<br>BENJAMIN SUMMERS on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AKORN OPERATING COMPANY LLC,<br>AKORN INTERMEDIATE COMPANY LLC,<br>and AKORN HOLDING COMPANY LLC,<br><br>Defendants. | Adv. Pro. No. 23-50117 (KBO)<br><br>**Related Doc. No.** 26, 27, 29, 35 |

**CERTIFICATION OF COUNSEL IN SUPPORT OF FINAL ORDER APPROVING JOINT MOTION OF CHAPTER 7 TRUSTEE AND PROPOSED CLASS REPRESENTATIVES, PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 9019 AND 7023 TO: (I) APPROVE THE SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019, (II) PRELIMINARILY APPROVE THE SETTLEMENT AGREEMENT PURSUANT TO BANKRUPTCY RULE 7023, (III) CERTIFY THE WARN CLASS FOR SETTLEMENT PURPOSES, INCLUDING THE APPOINTMENT OF CLASS COUNSEL AND THE CLASS REPRESENTATIVES, (IV) APPROVE THE FORM AND MANNER OF NOTICE TO CLASS MEMBERS OF THE SETTLEMENT, (V) SCHEDULE A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT AGREEMENT, (VI) FINALLY APPROVE THE SETTLEMENT AGREEMENT FOLLOWING THE <u>FAIRNESS HEARING, AND (VII) GRANT RELATED RELIEF</u>**

---

[1]       The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23- 10255.

I, John T. Carroll, III, counsel to George L. Miller, the duly appointed chapter 7 trustee (the "Trustee") for the estates of the above-captioned Debtors (collectively, the "Debtors" or "Estates"), in the above-captioned adversary proceeding (the "Adversary Proceeding"), hereby certifies the following in support of entry of a Final Order Approving the WARN Settlement Under Fed. R. Civ. P. 23, Fed. Bankr. R. 7023, and Bankr. R. 9019 (the "Final Settlement Order"):

1.      On October 16, 2024 the Trustee and the Plaintiffs in the Adversary Proceeding (together the "Parties") filed a *Joint Motion of Chapter 7 Trustee and Proposed Class Representatives, Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rules 9019 and 7023 to: (I) Approve the Settlement Agreement Pursuant to Bankruptcy Rule 9019, (II) Preliminarily Approve the Settlement Agreement Pursuant to Bankruptcy Rule 7023, (III) Certify the Warn Class for Settlement Purposes, Including the Appointment of Class Counsel and the Class Representatives, (IV) Approve the Form and Manner of Notice to Class Members of the Settlement, (V) Schedule a Fairness Hearing to Consider Final Approval of the Settlement Agreement, (VI) Finally Approve the Settlement Agreement Following the Fairness Hearing, and (VII) Grant Related Relief* [Doc. No. 975, Adv. Doc. No. 26] (the "Motion")[2] seeking, *inter alia*, the approval of a certain settlement agreement resolving the Adversary Proceeding, a copy of which was filed with the Motion as Exhibit "A" (the "Settlement Agreement").

2.      On November 19, 2024, the Bankruptcy Court entered an Order [Doc. No. 993, Adv. Doc. No. 35], (the "Preliminary Settlement Order"), *inter alia*, preliminarily approving the settlement as provided in the Settlement Agreement, appointing The Gardner Firm, P.C., Lankenau & Miller, LLP, and Margolis Edelstein as Class Counsel and Lisha Abraham, Susan

---

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

Berry and Benjamin Summers as Class Representatives and directing Class Counsel to serve the Class Notice upon the Class Members originally identified on Schedule 1[3] attached to the Settlement Agreement. Class Counsel duly served the Class Notice upon the Class Members and filed a Declaration of Service regarding service of the Class Notice [Filed 12/3/2024; Adv. Doc. No. 36].

3.      Class Counsel has reported to the Trustee's counsel that Class Counsel has received two (2) requests from Class Members to opt-out of the Class and Class Counsel filed a *Declaration of Class Counsel Concerning Class Members Who Have Opted Out of the Class or Objected to the Settlement* [Filed 1/6/2025; Adv. Doc. No. 37].

4.      As provided in the Class Notice, any class member wishing to be excluded from the Class was required to mail a completed Opt-Out Form so that it was received by Class Counsel by December 31, 2024.

5.      Additionally, as provided in the Class Notice, any class member wishing to object to the terms of the settlement had until December 31, 2024 to do so, by mailing his/her objection to the Court, Class Counsel, and counsel for Defendant.  The Parties have received no objections to the granting of the Motion on a final basis, and the docket of the Adversary Proceeding shows that no objections have been filed.

6.      Accordingly, the Parties respectfully request that the Bankruptcy Court enter the Final Settlement Order as originally filed with the Motion, a copy of which is attached hereto as Exhibit "A", at its earliest convenience

---

[3] By court Order dated 11/18/2024 [Adv. Doc. No. 34] Schedule 1 Class Members to the Settlement Agreement was filed under seal.

LEGAL\74989707\1 6010823/00574256

COZEN O'CONNOR

Dated:  January 9, 2025

By:    */s/ John T. Carroll, III*
       John T. Carroll, III, Esq. (No. 4060)
       1201 N. Market Street
       Suite 1001
       Wilmington, DE 19801
       Telephone:  (302) 295-2000
       Facsimile:   (302) 295-2013
       jcarroll@cozen.com

       *Counsel to the Chapter 7 Trustee,*
       *George L. Miller*

4